UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIANA STARKS,<br><br>    Plaintiff,<br><br>    v.<br><br>MAGES & PRICE LLC,<br><br>    Defendant. | No. 14 CV 2762<br><br>Judge Manish S. Shah |

**ORDER**

Defendant's motion for summary judgment [34] is granted. Status hearing previously set for 3/11/15 is stricken. Enter judgment in favor of defendant, and terminate civil case.

**STATEMENT**

Plaintiff Christiana Starks claims defendant Mages & Price LLC violated the Fair Debt Collection Practices Act when it allowed her employer to garnish her wages even after she filed for bankruptcy. Defendant moves for summary judgment on all claims.

*Legal Standard*

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

*Background*

The material facts are not in dispute. Defendant was retained to collect a debt plaintiff owed to non-party Johnny Leblanc. Defendant filed suit against plaintiff on the debt, judgment was entered against plaintiff, and a garnishment order was served on her employer, North Shore University Health System. Plaintiff filed for Chapter 7 bankruptcy protection shortly thereafter.

Defendant got notice of plaintiff's bankruptcy on March 19, 2014. That same day, defendant sent* a letter to North Shore, "Attention: Payroll," stating [39-4] (original emphasis):

> Pursuant to the above referenced matter, please be advised that C**hristiana J[.] Starks** has filed Bankruptcy and we are no longer able to garnish *her* wages. Please return any garnished wages to the possession of the Defendant, **Christiana J[.] Starks**.
>
> If you have any questions, please feel free to contact our office.

The next day, North Shore garnished plaintiff's wages and sent a check to defendant. Defendant did not cash the check. Instead, on March 26, 2014, it sent a letter to North Shore returning the check and stating [39-5] (original emphasis):

> Pursuant to the above referenced matter, please be advised that Christiana J[.] Starks (Reyz) has filed Bankruptcy and we are no longer able to garnish *her* wages. Please return the check in the amount of $202.18 to the Defendant, Christian J. Starks (Reyz).
>
> Please return any further garnished wages to the possession of the Defendant, Christiana J[.] Starks (Reyz).
>
> If you have any questions, please feel free to contact our office.

On April 3, 2014, North Shore again garnished plaintiff's wages and sent the check to defendant. Defendant wrote the employer six days later, returning the uncashed check, and stating [39-6] (original emphasis):

> Pursuant to the above referenced matter, please be advised that Christiana J[.] Starks has filed Bankruptcy and we are no longer able to garnish *her* wages. Please return the check in the amount of $205.31 to the Defendant, Christiana J Starks (Reyz).
>
> ***PLEASE STOP ALL ACTION ON THIS GARNISHMENT.***
>
> If you have any questions, please feel free to contact our office.

---

* The parties' statements of fact do not say how this or any other letter was transmitted, but the parties agree no letters were returned undeliverable.

Based on the above conduct, and the fact that an automatic bankruptcy stay prohibited the garnishment of plaintiff's wages, plaintiff filed a one-count complaint alleging violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq*.)—more specifically, violations of sections 1692c(a)(2), 1692e(2), -(10), and 1692f. Defendant has moved for summary judgment and argues that it adhered to any applicable duty by telling North Shore (three times) that it could no longer garnish plaintiff's wages. Plaintiff responds by arguing that defendant's conduct remains actionable because it failed to take the step of dismissing the garnishment case and presenting an order of dismissal to North Shore.

*Analysis*

Neither party devotes any portion of the briefs discussing the specific statutory provisions under which plaintiff's claims arise. This comes as a surprise, since the question on summary judgment is whether plaintiff's claims—not some amorphous question of duty—should be decided as a matter of law.

Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer in connection with the collection of any debt, "if the debt collector knows the consumer is represented by an attorney[.]" The Act defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Here, the record is devoid of any evidence of defendant communicating with plaintiff directly or indirectly at all. Defendant's motion is granted on this claim.

Section 1692e(2) makes it a violation to use, in connection with the collection of any debt, "[t]he false representation of . . . the character, amount, or legal status of any debt; or . . . any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2). Here, the sole post-bankruptcy petition representations defendant made to anyone were the three letters it sent to North Shore informing it that plaintiff had filed for bankruptcy and that defendant could no longer garnish her wages. Nothing in the record suggests that these representations were false, deceptive, or misleading. Defendant's motion is granted on this claim.

Section 1692e(10) makes it a violation to use, in connection with the collection of any debt, "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." As already stated, the only post-petition representations defendant made were not false. In addition, the record contains no evidence of defendant using any deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. To the contrary, all of defendant's conduct—as described in the record—was clearly

designed so as not to collect a debt. That defendant could have potentially done more to avoid collecting the debt—say, by obtaining an order from the Circuit Court of Cook County dismissing the garnishment—does not support the conclusion that defendant's conduct was false or deceptive in its own right. Defendant's motion is granted on this claim.

Section 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt. The section contains a number of non-exclusive examples of *per se* violations. Plaintiff does not specify which subsections, if any, apply, but none other than section 1692f(1) even arguably could. It prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." The record contains no evidence suggesting that the amount subject to the garnishment order, or any other amount for that matter, was not expressly provided for by plaintiff's agreement with Leblanc. Further, to the extent plaintiff brings her claim under section 1692f's general prohibition, the record contains no evidence of defendant using unfair or unconscionable means to collect or attempt to collect a debt. Defendant's motion is granted on this claim.

The parties, citing a number of cases on the issue, debate whether defendant's conduct violated the bankruptcy court's automatic stay. It very likely did. *See, e.g., In re Briskey*, 258 B.R. 473, 477 (Bankr. M.D. Ala. 2001) ("It is clear beyond all doubt that garnishing creditors are required to take all necessary action to release their garnishments in order to implement the automatic stay . . . ."). But plaintiff did not bring that claim in this case. Nor does she present any decision holding that a violation of a bankruptcy stay is a *per se* violation of the Fair Debt Collection Practices Act. (My own research similarly failed to find any such case.) Instead, the operative rule is that a violation of a bankruptcy court's automatic stay constitutes a violation of the Act only when the underlying conduct also satisfies the latter's statutory elements. *See generally, Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004). The underlying conduct here is defendant's failure to do more to stop the garnishment, with no affirmative deception or unfair conduct toward plaintiff, and no post-bankruptcy effort to collect a debt at all. As discussed above, this omission did not violate the cited sections of the FDCPA.

ENTER:

Date: 3/10/15

Manish S. Shah
U.S. District Judge